**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ALEXIS CASTILLO PADILLA, <br><br> Defendant - Appellant. | No. 23-425 <br><br> D.C. No. 3:19-cr-01611-JAH-1 Southern District of California, San Diego <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted November 14, 2023[**]

Before:     SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

Alexis Castillo Padilla appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty-plea conviction for

wire fraud, in violation of 18 U.S.C. § 1343.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Castillo contends that the district court erred by (1) failing to explain the above-Guidelines sentence by reference to factors not already accounted for by the Guidelines; (2) failing to provide a written statement of reasons; and (3) relying on a clearly erroneous fact regarding his prior conviction. Though we agree with the government that these claims are reviewed for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), we would affirm under any standard. The record of the sentencing hearing reflects that the court thoroughly explained its reasons for the upward variance, including why the Guidelines range did not adequately reflect Castillo's conduct. *See United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013) (sentencing court may vary upward on the basis of factors already incorporated into the Guidelines calculation if it concludes that the Guidelines do not sufficiently account for the harm caused by the defendant's conduct). Thus, contrary to Castillo's claim, he was not prejudiced by the court's alleged failure to provide a written statement of reasons.[1] Nor was Castillo prejudiced by the court's misstatement as to the length of his prior sentence, which was immaterial to its sentencing decision. The court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

---

[1] We do not decide whether the district court completed a written statement of reasons form.

Castillo also contends that the sentence is substantively unreasonable. In light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, however, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Notwithstanding the parties' recommendations for a lower sentence, the court properly exercised its broad sentencing discretion in concluding that an above-Guidelines sentence was warranted in this case. *See United States v. Ellis*, 641 F.3d 411, 423 (9th Cir. 2011).

**AFFIRMED.**